IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MATTHEW E. DEBORD, and
TABITHA DEBORD, his wife
    Plaintiffs,

vs.                        No.  3:07CV365/LAC/MD

G & S MATERIAL SERVICE, INC.,
et. al.,
    Defendants.

_____

ORDER

    This is a run-of-the-mill motor vehicle accident case involving a rear end collision, brought under this court's diversity jurisdiction.  The lawyers are well aware of the procedural history, so it need not be recited here.  Now it has come down to the end of the allowed discovery period and everything has broken loose.  The court is suddenly presented with (1) defendants' motion to extend the discovery deadline, claiming that they learned of the existence of another treating physician at the last moment, and were unable to get the other side to cooperate in getting a deposition scheduled, (2) defendants' motions to quash a deposition subpoena, in which they claim that plaintiffs have used their allotted number of depositions and should not be allowed to take any more, (3) plaintiffs' "emergency" motion to quash deposition subpoenas, claiming that defendants have disobeyed the court's order and unilaterally scheduled depositions to be taken after discovery cut-off without seeking leave of the court, and (4) defendants' motion to extend discovery for sixty days so they can take the

depositions of yet more newly discovered physicians where plaintiffs had refused to cooperate in getting the depositions scheduled during the discovery period.

Both sides make arguments that have been presented many times. Some are good; some are not so good. It is not necessary to read between the lines to know that there is a woeful lack of civility being exhibited by both sides. The court will not go so far as to say there is a lack of professionalism, but the issue is close. Not responding to e-mails and telephone calls is the most frequent complaint presented to the court in civil cases, and the epidemic seems to be growing. There is a good bit of that here, by both sides.

In addition, plaintiffs took fifteen depositions and then seemingly sprung a trap at the last moment by asserting that all *parties*, not all *sides*, are allowed fifteen. The court's order states that fifteen are allowed for each party, so plaintiffs are technically correct, but it is hard to justify calling Mrs. Debord a true party in the context of this case when she is a spouse claiming only loss of consortium. Her interest in Mr. Debord's injuries are exactly the same as his, so her interest in taking more depositions is marginal at best.

Defendants attempted to set an early morning deposition on a date when all the lawyers had agreed to be in Crestview for other depositions, but plaintiffs refused because the time was "not convenient" and "too early."

In the various e-mails presented for the court's review there are many statements saying a lawyer was "not available" for deposition for an undisclosed reason. In most cases the depositions referenced in those messages were successfully taken, but not being available is a good way to delay the progress of a case. Defendants' counsel are on shaky ground if they claim unavailability when they work in a large firm. Plaintiffs' counsel's firm is small, but all lawyers owe it to opposing counsel and to the court to either make themselves available or reduce their caseload.

There is plenty more that invites comment, but the court's point should already be well taken. Because it does not appear that one side has acted much differently from the other, factual findings are not necessary. The parties will be

given the opportunity to solve their problems and conduct the remainder of discovery in a civil and cooperative fashion.

It is therefore ORDERED as follows:

1. Defendants' motion to quash the deposition subpoena of Dr. Koulisis (doc. 61) is DENIED. Given Mrs. Debord's position as a spouse claiming loss of consortium, she may take up to two depositions in addition to Dr. Koulisis'. No more will be allowed without the court's permission and then only with a clear showing of necessity.

2. Plaintiffs' motion to quash the deposition subpoena of Dr. Six (doc. 65) is DENIED.

3. Plaintiffs' emergency motion to quash the subpoenas of Drs. Benson and Stroble (doc. 67) is DENIED.

4. Defendants' supplemental motion to extend the discovery deadline (doc. 71) is GRANTED. Discovery is extended until June 30, 2009. Defendants' *side* is limited to fifteen depositions, including those already taken.

5. No later than April 27, 2009, every lawyer involved in this case and every member of their support staff involved in any way in scheduling will go to the court's public website at http://www.flnd.uscourts.gov/attorneys/index.cfm, click on Attorney Resources, click on Magistrate Judge Davis' Sample Order on Motions to Compel, and read the sample order. This is what they can expect if things are not worked out.

6. If the parties cannot agree on scheduling a doctor's deposition within the expanded time, they shall file a joint statement to that effect. The court's judicial assistant will schedule the deposition with the doctor's office, without the parties' input, and they will be advised when to be there.

DONE AND ORDERED at Pensacola, Florida this 24th day of April, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE