IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MATTHEW E. DEBORD,
and TABITHA DEBORD,

    Plaintiffs,

v.                                                    Case No. 3:07cv365/LAC

G & S MATERIAL SERVICE, INC.,
JAMES DUNSFORD and STEPHEN
DUNSFORD, and SOUTH ALABAM
TRANSPORT, LLC, a/k/a SOUTH
ALABAMA TRANSPORT, LLC,

    Defendants.
_____/

**O R D E R**

This cause is before the Court on a Motion for Summary Judgment filed by Plaintiffs (doc. 79) on the issue of liability and permanent injury. Defendants have responded in opposition to the motion. The Court has taken the motions and their responses under advisement and is now prepared to rule. Upon due consideration of the motion, the Court finds Summary Judgment should be granted as to liability but denied as to permanent injury.

## I. BACKGROUND

The case arises from a traffic accident on June 22, 2006, in which Defendants' tractor trailer, driven by James C. Presley, collided into the rear end of a waste management truck being driven by Plaintiff Matthew Debord. In Walton County, Florida, Presley was traveling on Highway 98, a four lane highway, and was approaching the intersection of Highway 331. Traveling at just under 65 miles per hour, which was the posted speed limit, Presley was following a dump truck and a car which was ahead of the dump truck. All vehicles were traveling in the right lane Evidently unbeknownst to Presley because he was directly behind the dump truck, Plaintiff Debord was also on the highway, ahead of all three. Debord had been stopped at the Highway 331 intersection at a red light,[1] also in the right lane, and began to accelerate in his garbage truck when the light turned green. According, to Presley, as he approached the intersection, the light was green. After Presley went through the intersection, the dump truck ahead of his tractor trailer made a sudden lane switch into the left lane. The car ahead of the dump truck had evidently done the same thing because, after the dump truck changed lanes, Presley realized that Debord's garbage truck was in front of him by only approximately 120 feet. Still in acceleration from the traffic light, Debord was traveling approximately 20-25 miles per hour at the time. While Presley thought of moving to the left lane himself, there was an automobile in the left lane precluding him from

---

[1] In his deposition, Presley suggests that it was possible that Debord might have turned onto Highway 98 from Highway 331 or some other point of access, but he admittedly had no basis for this suggestion since he did not see Debord's truck until the moment before the accident. Presley therefore stated he had no reason to suspect that Debord had driven his truck in an improper manner. Debord's account of his whereabouts and actions therefore stand as uncontroverted.

doing so. Presley applied his brakes and "locked up" his tractor-trailer, but was unable to stop before colliding into the rear of the garbage truck. As a result of the accident, Debord sustained injuries to his back which he alleges are permanent.

The five count complaint is based upon Presley's alleged negligent operation of the tractor-trailer and raises claims against Presley's employers and owners of the tractor-trailer under the dangerous instrumentality doctrine and the "Federal Motor Carriers Safety Regulations" as well as for failure to properly train and supervise their employee. Co-Plaintiff Tabitha Debord raises a claim of loss of consortium.

In their summary judgment motion, Plaintiffs seek to establish 1) liability on the part of Defendants for the accident and 2) that Plaintiff Debord suffered permanent injury as a direct and proximate result of the accident.

## II. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "[T]he substantive law will identify which facts are material" and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). An issue of fact is material if it

is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *See id.*

At the summary judgment stage, a court's function is not to weigh the evidence to determine the truth of the matter, but to determine whether a genuine issue of fact exists for trial. *See id.* at 249, 106 S. Ct. at 2510–11. A genuine issue exists only if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party. *See id.* "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust Co. v. Fidelity and Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

When assessing the sufficiency of the evidence in favor of the nonmoving party, the court must view all the evidence, and all factual inferences reasonably drawn from the evidence, "in the light most favorable to the non-moving party." *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993). The court is not obliged, however, to deny summary judgment for the moving party when the evidence favoring the nonmoving party is "merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249–50, 106 S. Ct. at 2511. "A mere 'scintilla' of evidence supporting the . . . [nonmoving] party's position will not suffice" to demonstrate a material issue of genuine fact that precludes summary judgment. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512).

### III. DISCUSSION

As it concerns the liability issue, a rebuttable presumption exists under Florida law that, when a rear end collision occurs, the driver of the car that produced the collision was negligent. *See Eppler v. Tarmac America, Inc.*, 752 So.2d 592, 594-95 (Fla. 2000) (citing *Gulle v. Boggs*, 174 So.2d 26 (Fla. 1965)). "The presumption provides a prima facie case which shifts to the defendant the burden to go forward with evidence to contradict or rebut the fact presumed. When the defendant produces evidence which fairly and reasonably tends to show that the real fact is not as presumed, the impact of the presumption is dissipated." *Gulle*, 174 So.2d at 28-29 (quotation omitted).

The fact that the "lead vehicle" makes a sudden stop, without more, is insufficient to overcome the presumption of negligence. *See Clampitt v. D.J. Spencer Sales*, 786 So.2d 570, 575 (Fla. 2001). Thus, "if a vehicle suddenly stops in a roadway, but the stop happens at a place and time where it can reasonably be expected," the presumption remains. *Hunter v. Ward*, 812 So.2d 601, 603 (Fla. 1st DCA 2002). "Such accidents are encountered far too frequently and are to be reasonably expected. Each driver is charged under the law with remaining alert and following the vehicle in front of him or her at a safe distance." *Clampitt*, 786 So.2d at 575.

*Eppler v. Tarmac America, Inc.*, 752 So.2d 592 (Fla. 2000) is the seminal case in which the presumption was found to be rebutted. In *Eppler* the vehicles were stopped at a stoplight, and as the light changed to green, the vehicles accelerated forward normally in the

bumper-to-bumper traffic, until the driver of the lead car suddenly and for no apparent reason slammed the brakes, causing the trailing car to strike it from behind. The Florida Supreme Court found under these circumstances that the presumption was overcome because the lead car had arbitrarily come to a sudden stop in a place or situation where such a stop would not be reasonably anticipated. *Id*. at 595.

The facts of this case do not approach the unexpected situation described in *Eppler*. Though Presley may have been surprised when, after the two vehicles ahead of him shifted lanes to reveal the slow-moving garbage truck, this did not occur in a situation that could be described as unexpected. Rather, given the fact that there was an intersection involved, it should be reasonably expected that different vehicles might be traveling at different speeds. Further, Debord did not stop suddenly or otherwise act in an arbitrary fashion but was simply accelerating from the intersection in a normal manner. Finally, by Presley's own admission, he was following closely behind the dump truck ahead of him, thus suggesting that his own positioning may have contributed to his lack of sufficient stopping distance or his inability to see the garbage truck in advance. As *Clampitt* instructs, drivers are required to follow vehicles in front of them at a safe distance and remain alert. The Court therefore finds that the presumption of negligence applies, thus establishing liability on the part of Defendants.

Concerning the injury issue, Plaintiffs produce expert medical evidence to indicate that Plaintiff Debord sustained permanent injury as a result of the accident. Defendants point out, however, that Debord suffered from chronic back, hip and leg medical problems for

which he was receiving treatment quite recently before the accident. These pre-existing injuries were similar in nature to the injuries Debord suffered following the accident. Moreover, the doctors who diagnosed Debord's post-accident injury were not informed of the pre-existing conditions while making their diagnoses; once made aware of this, they indicated that this could affect their medical conclusions regarding the cause of Debord's injuries. Finally, Debord experienced a slip and fall at his home after the accident, which also might have served to cause of exacerbate his permanent injuries.

In view of this, the Court concludes that material issues of fact exist that prevent a finding on summary judgment that Plaintiff Debord suffered permanent injury as a direct and proximate result of the accident.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Partial Summary Judgment (doc. 79) is **GRANTED** on the issue of liability for the subject traffic accident as described herein and is **DENIED** in all other respects.

**ORDERED** on this 22nd day of February, 2010.

                                                                    s/*L.A. Collier*
                                                                    Lacey A. Collier
                                                    Senior United States District Judge